UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATHANIAL CHARLES HARRIEL, SR., <br><br>     Plaintiff, <br><br>  v. <br><br> RENO POLICE DEPARTMENT, *et al.*, <br><br>     Defendants. | Case No. 3:22-cv-00419-ART-CSD <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 7) |

*Pro se* Plaintiff Nathaniel Charles Harriel Sr. ("Harriel") brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 7), recommending the Court: 1) grant Harriel's second IFP application (ECF No. 5) and deny his first IFP application (ECF No. 1) as moot; 2) dismiss Harriel's original complaint as moot (ECF No. 1-1); 3) allow Harriel to proceed with his Fourth Amendment claims against Officer Sanchez, but stay the action until Harriel's underlying criminal case is resolved; 4) dismiss Harriel's *Miranda* violation claim with prejudice; 5) dismiss the Reno Police Department, but give Harriel leave to amend and assert a new claim against the City of Reno if and when the stay is lifted as to the claims against Officer Sanchez; 6) dismiss Harriel's claims against Judge Clifton with prejudice; 7) dismiss Harriel's claims against Tyler Alton with prejudice; 8) dismiss Washoe County Jail, but grant Harriel leave to amend to attempt to assert a colorable *Monell* claim against Washoe county; 9) grant Harriel leave to amend with respect to his stay in solitary confinement, his medical care after he slipped and fell, and the delay in providing a signature for an inmate account; 10) grant Harriel 30 days to file a

second amended complaint; and 11) deny Harriel's motion for appointment of counsel (ECF No. 3).

Plaintiff had until February 15, 2023 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R in full.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia,* 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. Here, Judge Denney makes a bevy of recommendations in this case. First, Judge Denney recommends granting Harriel's second IFP application (ECF No. 5), mooting his first IFP application (ECF No.1), and dismissing his first complaint—attached to the first IFP application—as moot. (ECF No. 7 at 13). Second, Judge Denney recommends allowing Harriel's Fourth Amendment claims for unlawful arrest and unlawful search against Officer Sanchez to proceed, but staying that action pending the resolution of Harriel's underlying criminal case. (*Id.*) The Court agrees with Judge Denney because Harriel has pled plausible false-arrest and unlawful search claims based on Officer Sanchez's alleged use of a non-existent fugitive warrant to detain Harriel. Third, Judge Denney recommends dismissing Harriel's

2

*Miranda* violation claim with prejudice. (*Id.*) The Court agrees with this recommendation as the Supreme Court recently held that a *Miranda* violation does not provide a basis for a claim under 42 U.S.C. § 1983. *See Vega v. Tekoh*, 142 S.Ct. 2095, 2101 (2022). Fourth, Judge Denney recommends the dismissal of the Reno Police Department; this is proper as the Reno Police Department may not be sued as a separate entity without statutory authorization that is absent here. *See Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996). As Judge Denney notes, however, a claim against the City of Reno could be proper, and the Court agrees that Harriel may seek leave to amend his complaint as to the City of Reno in the event the stay is lifted as to the claims against Officer Sanchez. Fifth, Judge Denney recommends the dismissal of Harriel's claims against Judge Clifton and Tyler Alton with prejudice; the Court agrees as both of these defendants are immune from suit under § 1983. Sixth, Judge Denney recommends the dismissal of the Washoe County Jail but granting Harriel leave to amend to assert a colorable *Monell* claim against Washoe County. The Court agrees as Washoe County is the proper defendant here, rather than the Jail, but Harriel does not make specific allegations as to Washoe County. Seventh, Judge Denney recommends Harriel be granted leave to flesh out his claims regarding solitary confinement, a delay in receiving a signature on an inmate account statement, and a claim regarding his medical care. The Court agrees. Finally, Judge Denney recommends the denial of Harriel's Motion for Appointment of Counsel. (ECF No. 3). The Court agrees as the circumstances presented thus far in this case do not constitute "exceptional circumstances" warranting the appointment of counsel.

In sum, the Court agrees with Judge Denney. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 7) is accepted and adopted in full.

It is further ordered that Harriel's second IFP application (ECF No. 5) is granted.

It is further ordered that Harriel's first IFP application (ECF No. 1) is denied as moot. However, Harriel is required to pay, through WCDF (or any other facility or institution he is housed in), an initial partial filing fee in the amount of $5, within 30 days of the date of entry of this order. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or the action is otherwise unsuccessful. The Clerk is respectfully directed to send a copy of this order to the attention of Chief of Inmate Services for WCDF, 911 E. Parr Blvd., Reno, NV 89512.

It is further ordered that Harriel's complaint (ECF No. 1-1) is dismissed as moot.

It is further ordered that Harriel is allowed to proceed with his Fourth Amendment claims for unlawful arrest and unlawful search against Officer Sanchez, however, this action is stayed insofar as those claims are concerned pending resolution of Harriel's underlying criminal case.

It is further ordered that Harriel shall file a notice with this court within 30 days of the date of this order advising the Court of the status of his underlying criminal case.

It is further ordered that Harriel's claim based on the violation of *Miranda* should be dismissed with prejudice.

It is further ordered that the Reno Police Department is dismissed; however, Harriel is granted leave to amend to assert a claim against the City of Reno when the stay is lifted as to the claims against Officer Sanchez (assuming they are not dismissed with prejudice under *Heck*).

4

It is further ordered that Harriel's claims against Judge Clifton and Tyler Alton are dismissed with prejudice.

It is further ordered that the Washoe County Jail is dismissed; however, Harriel is granted leave to attempt to assert a colorable *Monell* claim against Washoe County.

It is further ordered that Harriel is granted leave to amend with respect to his stay in solitary confinement, his medical care after he slipped and fell, and the delay in providing a signature for an inmate account.

It is further ordered that Harriel has thirty (30) days from the date of this Order to file an amended complaint correcting the deficiencies noted in Judge Denney's Report and Recommendation. The amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "SECOND AMENDED COMPLAINT." If Harriel fails to file a second amended complaint within 30 days, then the action will only proceed as to the Fourth Amendment claims against Officer Sanchez, which will be stayed pending resolution of his underlying criminal case.

It is further ordered that Harriel's Motion for Appointment of Counsel (ECF No. 3) is denied.

It is so ordered.

DATED THIS 5th Day of April 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE