UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL CHARLES HARRIEL, SR., | Case No.: 3:22-cv-00419-ART-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| RENO POLICE DEPARTMENT, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to comply with the court's order or otherwise prosecute this action.

**I. BACKGROUND**

When Plaintiff filed this action, he was an inmate in the custody of the Washoe County Detention Facility (WCDF), and filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.

On April 5, 2023, District Judge Traum adopted the undersigned's report and recommendation to grant Plaintiff's second application to proceed *in forma pauperis*; allowing his Fourth Amendment claims for unlawful arrest and unlawful search against Officer Sanchez to proceed, but staying the action pending resolution of his underlying criminal case; dismissing Plaintiff's *Miranda* violation claim with prejudice; dismissing the Reno Police Department, but with leave to amend to assert a claim against the City of Reno; dismissing Plaintiff's claims against Judge Clifton and Tyler Alton with prejudice; dismissing the Washoe County Jail, but

with leave to amend to assert a claim against Washoe County; dismissing with leave to amend Plaintiff's claims regarding solitary confinement, a delay in receiving a signature on an inmate account statement, and a claim regarding his medical care; and denial of his motion for appointment of counsel. (ECF No. 10.) Plaintiff was given 30 days to file a notice advising the court of the status of his underlying criminal case, and to file an amended complaint. (ECF No. 10.)

Plaintiff did not timely file a notice regarding the status of his underlying criminal case or an amended complaint. Therefore, the action is proceeding only on the Fourth Amendment claims against Sanchez, which were stayed pending resolution of the underlying criminal case. On July 13, 2023, the undersigned issued an order giving Plaintiff an additional 30 days to file a notice advising the court of the status of his underlying criminal case. He was cautioned that a failure to do so would result in a recommendation that this action be dismissed without prejudice. (ECF No. 11.)

Plaintiff has not filed a notice regarding the status of his underlying criminal case. Therefore, the court recommends dismissal of the Fourth Amendment claims against Sanchez without prejudice.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Plaintiff did not file the court ordered notice regarding the status of his underlying criminal case. Nor has he otherwise indicated an intent to prosecute this action.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to comply with the court's orders or further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to comply with the court's orders and prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendant risks prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to further participate in this action and *in forma pauperis* status, monetary sanctions are not practical. Plaintiff was cautioned that a failure to comply with the court's order would result in a recommendation for dismissal of his claims without prejudice. Other non-monetary sanctions are not an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 22, 2023

_____
Craig S. Denney
United States Magistrate Judge

4