UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIAL CHARLES HARRIEL, SR., | Case No. 3:22-cv-00419-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| SANCHEZ, | |
| Defendant. | |

*Pro se* Plaintiff Nathanial Charles Harriel, Sr., brought this action under 42 U.S.C. § 1983 complaining of unlawful arrest and unlawful search by Officer Sanchez of the Reno Police Department. The Court dismissed the case without prejudice in November 2023. Before the Court is Plaintiff's motion to amend judgment (ECF No. 16) and his motion to reopen (ECF No. 18). For the following reasons, the Court denies both motions.

**I.     BACKGROUND**

Harriel filed the complaint in this case in September 2022. (ECF No. 1.) In February 2023, Harriel updated his address from the Washoe County Detention Center to a Reno residential address. (ECF No. 9.) In April 2023, the Court allowed Harriel to proceed with a Fourth Amendment claim for unlawful arrest and unlawful search against Defendant Sanchez but stayed the action pending resolution of Harriel's underlying criminal case. (ECF No. 10.) The Court ordered Harriel to file a notice advising the Court of the status of his underlying criminal case within 30 days. (*Id.*) Harriel did not file an update. In July 2023, the Court gave Harriel an additional 30 days to file a notice advising the court of the status of his underlying criminal case. (ECF No. 11.) There is no indication on the docket that Harriel did not receive these orders. In November 2023, with no response from Harriel, the Court dismissed this case without prejudice. (ECF Nos. 13, 14.)

More than a year later, in December 2024, Harriel filed a motion to alter or amend judgment, explaining that he had difficulties getting mail because he had not had a stable address. (ECF No. 16.) In July 2025, Harriel filed a motion to reopen, again explaining his difficulties receiving updates on his case. (ECF No. 18.) The Court construes both motions as requests for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

## II.   DISCUSSION

Rule 60(b) entitles the moving party to relief from judgment on several grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b). The Ninth Circuit has held that a party merits relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (citation omitted). A motion made under Rule 60(b) must be made within a reasonable time, and, if based on one of the first three reasons, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (citation omitted).

In his second motion, Harriel explains that after he pled guilty to a charge of possession of a controlled substance in November 2022, he spent 7 months in Washoe County jail and 10.5 months at a halfway house, before becoming unemployed and homeless. (ECF No. 18 at 3.) He claims that someone was throwing away his mail and that he did not receive any updates from this case

2

in 2024. (*Id.*) However, there were no updates to this case in 2024; it was closed in November 2023. (*Id.*) Harriel provides an update on his underlying criminal complaint which suggests that he received and was aware of the Court's prior orders. (*Id.*) Harriel also explains that he sent a letter to the court. That letter was received, and the Court entered an order in July 2025 explaining that documents requesting court orders must be styled as motions. (ECF No. 17.)

Because Harriel has not demonstrated extraordinary circumstances demonstrating relief from judgment under Rule 60, and because his motion was brought more than a year after entry of judgment in these proceedings, the Court finds that relief from judgment is not warranted.

### III.  CONCLUSION

The Court therefore DENIES Plaintiff's motion to amend judgment (ECF No. 16) and Plaintiff's motion to reopen (ECF No. 18), which the Court construes as requests for relief from judgment.

This case remains closed.

DATED: August 8, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE