UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIAL CHARLES HARRIEL, SR., | Case No. 3:22-cv-00419-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| RENO POLICE DEPARTMENT, et al., | |
| Defendants. | |

*Pro se* Plaintiff Nathanial Charles Harriel, Sr., brought this action under 42 U.S.C. § 1983 complaining of unlawful arrest and unlawful search by Officer Sanchez of the Reno Police Department. The Court dismissed the case without prejudice in November 2023. (ECF Nos 13, 14.) Plaintiff moved for relief from the judgement, and relief was denied. (ECF Nos. 16, 18, 19.) Before the Court is Plaintiff's motion to object to and his motion for reconsideration of the Court's order denying him relief from the dismissal. (ECF Nos. 20, 21.) For the following reasons, the Court denies both motions.

## I.   BACKGROUND

On April 5, 2023, the Court ordered Mr. Harriel to file a notice advising the Court of the status of his underlying criminal case within 30 days. (ECF No. 10.) Mr. Harriel did not file an update. In July 2023, the Court gave Mr. Harriel an additional 30 days to file a notice advising the court of the status of his underlying criminal case. (ECF No. 11.) There is no indication on the docket that Mr. Harriel did not receive these orders. On November 21, 2023, with no response from Mr. Harriel, the Court dismissed this case without prejudice. (ECF Nos. 13, 14.)

In December 2024 and July 2025, Mr. Harriel filed motions explaining that he had not noticed the Court of the status of his criminal case because he had not had a stable address, and he had difficulties receiving mail. (ECF Nos. 16,

18.) On August 8, 2025, the Court construed both motions as requests for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and denied them. (ECF No. 19.)

Mr. Harriel subsequently filed a motion to object to and a motion to reconsider the Court's August 8, 2025 order denying his relief from the dismissal of his case. (ECF Nos. 20, 21.)

## II.    DISCUSSION

Rule 60(b) entitles the moving party to relief from judgment on several grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b). The Ninth Circuit has held that a party merits relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (citation omitted).

To succeed on his Rule 60(b) motions, Mr. Harriel must demonstrate extraordinary circumstances relating to the period between April 5, 2023, when the Court ordered him to file a notice on the status of his underlying criminal case, and November 21, 2023, when the Court dismissed his case without prejudice for failure to file the notice. (ECF Nos. 10, 13). Mr. Harriel alleges that someone was intercepting his mail while he was living at a halfway house in 2023 (ECF No. 20), but the Court previously considered and rejected Mr. Harriel's argument that his case should be reopened on this basis. (ECF No. 19.) Mr. Harriel further explains that he was homeless from the time when he was evicted in November 2023 until he was arrested on September 10, 2024. (ECF No. 21.) While Mr. Harriel's argument that he was homeless between November 2023 and September 2024 is new, it must also be rejected because it does not

2

relate to the time frame for which Mr. Harriel must demonstrate extraordinary circumstances.

Because Mr. Harriel has not demonstrated extraordinary circumstances, relief from judgment is not warranted under Rule 60(b).

### III.    CONCLUSION

The Court therefore DENIES Plaintiff's motion to object (ECF No. 20) and his motion to reconsider (ECF No. 21), which the Court construes as requests for relief from judgment.

This case remains closed.

DATED: February 3, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE